IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| VINCENT BAGALA, *et al.*, § | | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-13-0160 |
| | § | |
| BANK OF AMERICA, | § | |
|     Defendant. | § | |

## **MEMORANDUM AND ORDER**

This foreclosure case is before the Court on the Motion to Dismiss [Doc. # 18] filed by Defendant Bank of America ("BOA"), to which Plaintiffs Vincent Bagala and Helen Bagala filed a Response [Doc. # 19], and Defendant filed a Reply [Doc. # 20]. Having reviewed the full record and applicable legal authorities, the Court **grants** the Motion to Dismiss.

## I.    BACKGROUND

In April 2005, Plaintiffs executed a Note for $170,550.00 payable to Universal American Mortgage Company, LLC ("Lender"). *See* Note, Exh. A to Motion to Dismiss. Plaintiffs also executed a Deed of Trust naming Mortgage Electronic Registration Systems, Inc. ("MERS") as a beneficiary. *See* Deed of Trust, Exh. B to Motion to Dismiss. In February 2012, MERS assigned the Deed of Trust and the

underlying indebtedness to BOA. *See* Assignment of Deed of Trust, Exh. C to Motion to Dismiss.

In January, February, July, August, September, October, November and December 2010, BAC Home Loan Servicing, LP ("BAC") sent written notice to Plaintiffs advising them they were "in serious default," providing the total amount due as of the date of each notice, and advising Plaintiffs of their right to cure the default. *See* Notices of Default, Exh. D to Motion to Dismiss.  On December 7, 2012, BOA through its attorneys sent Plaintiffs a Notice of Acceleration and Notice of Substitute Trustee Sale.  *See* Exh. E to Motion to Dismiss.  The foreclosure sale was scheduled for January 1, 2013.

On December 26, 2012, Plaintiffs filed this lawsuit in Texas state court. Defendant filed a timely Notice of Removal to federal court.  On March 29, 2013, Plaintiffs filed a first amended Complaint [Doc. # 16].  Plaintiffs assert promissory estoppel, "Estoppel by Record/Breach of Agreement," and a violation of the Texas Debt Collection Practices Act.  Defendant moved to dismiss, and the Motion has been fully briefed and is now ripe for decision.

## II.     **STANDARD FOR MOTION TO DISMISS**

When considering a motion to dismiss, the complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken

as true. *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009). When there are well-pleaded factual allegations, a court should presume they are true, even if doubtful, and then determine whether they plausibly give rise to an entitlement to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Although a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is viewed with disfavor and is rarely granted, *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (citing *Harrington*, 563 F.3d at 147), a complaint must contain sufficient factual allegations, as opposed to legal conclusions, to state a claim for relief that is "plausible on its face." *See Iqbal*, 556 U.S. at 678; *Patrick v. Wal-Mart, Inc.*, 681 F.3d 614, 617 (5th Cir. 2012). "The court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citing Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498–99 (5th Cir.2000)).

## III.  ANALYSIS

### A.  Promissory Estoppel

Plaintiffs allege that Defendant promised to review their application for a loan modification. Under Texas law, the statute of frauds requires all loan agreements involving more the $50,000.00 to be in writing and signed by the party to be bound

in order to be enforceable. *See* TEX. BUS. & COM. CODE § 26.02(b); *see also Martins v. BAC Home Loans Servicing, LP*, __ F.3d __, 2013 WL 3213633, *4 (5th Cir. 2013). A "loan agreement" for purposes of the statute of frauds is defined to include promises by a financial institution to "delay repayment of money . . . or make a financial accommodation." *See* TEX. BUS. & COM. CODE § 26.02(a)(2). Plaintiffs' claim that Defendant promised to make a financial accommodation by delaying foreclosure during the loan modification process is barred by the Texas statute of frauds. *See Martins*, 2013 WL 3213633 at *4; *Burnette v. Wells Fargo Bank, N.A.*, 2010 WL 1026968, *5 (E.D. Tex. Feb. 16, 2010) (quoting *Krudop v. Bridge City State Bank*, 2006 WL 3627078, *4 (Tex. App. – Beaumont Dec. 14, 2006, pet. denied)).

"Promissory estoppel may overcome the statute-of-frauds requirement in Texas, but 'there must have been a promise to sign a written contract that had been prepared and which would satisfy the requirements of the statute of frauds.'" *Martins*, 2013 WL 3213633 at *5 (citations omitted); *Burnette*, 2010 WL 1026968 at *7 (citing *Ford v. City State Bank of Palacios*, 44 S.W.3d 121, 140 (Tex. App. – Corpus Christi 2001, no pet.)). Plaintiffs have not alleged that Defendant promised to sign a written document that had already been prepared and that would satisfy the statute of frauds as to the alleged promise not to foreclose. As a result, Plaintiffs have failed to state a claim of promissory estoppel, either as an affirmative claim or in opposition to the

statute of frauds defense. Defendant is entitled to dismissal of Plaintiffs' promissory estoppel claim.

### B. Estoppel by Record/Breach of Agreement

In their "Estoppel by Record/Breach of Agreement" claim, Plaintiffs allege that they are an intended beneficiary of a Consent Judgment entered into between BOA and the United States that provides refinancing for eligible consumers. Plaintiffs allege that BOA has breached the Consent Agreement by failing to "timely consider" their application for a loan modification. Courts that have addressed this claim have held that "mortgagors like Plaintiffs do not have standing to enforce a consent decree that banks have entered into with the government." *See Reynolds v. Bank of Am., N.A.*, 2013 WL 1904090, \*10 (N.D. Tex. May 8, 2013) (and cases cited therein); *see also Shatteen v. JPMorgan Chase Bank, N.A.*, 2013 WL 2099063, \*1 (5th Cir. May 15, 2013) (holding that the plaintiff lacked standing "to enforce consent decrees to which she was not a party); *Choe v. Bank of Am., N.A.*, 2013 WL 3196571, \*4 (N.D. Tex. June 25, 2013). Additionally, there is nothing in the Consent Decree that indicates an intent to confer standing on non-parties. *See* Consent Judgment, Exh. F to Response. As a result, Defendant's Motion to Dismiss the "Estoppel by Record/Breach of Agreement" claim is granted.

### C. Texas Debt Collection Practices Act

Plaintiffs allege that BOA violated the Texas Debt Collection Practices Act ("TDCPA"). Specifically, Plaintiffs allege that Defendant failed to comply with Section 51.002(d) of the Texas Property Code by failing to provide written notice of default and twenty days to cure the default. *See* Complaint, ¶ 22. The record conclusively refutes this allegation. Texas law requires the mortgage servicer to provide "written notice by certified mail" advising the debtor that he is in default and giving the debtor at least 20 days to cure the default. *See* TEX. PROP. CODE § 51.002(d). Defendant sent Plaintiffs "written notice by certified mail" on January 19, 2010, February 16, 2010, July 19, 2010, August 16, 2010, September 17, 2010, October 18, 2010, November 16, 2010, December 17, 2010.[1] *See* Notices, Exh. D to Motion to Dismiss. In each notice, Plaintiffs were given thirty (30) days to cure the default. *See id.* The record properly considered by the Court on Defendant's Motion to Dismiss establishes conclusively that BOA complied with the requirements of § 51.002(d).

---

[1] The record reflects that most, if not all, of the Notices were returned unclaimed. Plaintiffs' refusal to claim their certified mail does not negate Defendant's having sent the written notice by certified mail as required by § 51.002(d), particularly in the absence of any assertion or evidence that Plaintiffs were no longer living at the Property and had provided Defendant with a new address.

Plaintiffs allege also that Defendant violated Section 392.301(a)(8) of the Texas Finance Code by threatening to take an action prohibited by law.[2] The Texas Finance Code further provides, however, that Section 392.301(a) does not prohibit a debt collector from "exercising or threatening to exercise a statutory or contractual right of seizure, repossession, or sale that does not require court proceedings." TEX. FIN. CODE § 392.301(b)(3). Plaintiffs allege that Defendant failed to provide notice of default and an opportunity to cure. As discussed above, the record refutes this allegation. Plaintiffs allege that Defendant failed to give proper notice of foreclosure. The record similarly refutes this allegation. *See* Notice of Acceleration and Notice of Foreclosure, Exh. E to Motion to Dismiss. Plaintiffs have failed to allege any other basis for a finding that Defendant was not properly exercising its contractual right to foreclose under the Deed of Trust. As a result, Defendant's motion to dismiss the TDCPA claim is granted.

### D. <u>Injunctive Relief</u>

Plaintiffs seek an injunction prohibiting Defendant from pursuing foreclosure. Defendant argues that Plaintiffs' request for equitable injunctive relief should be

---

[2] Plaintiffs allege that Defendant violated § 392.301(a), but do not identify any subparagraph. They allege, however, that Defendant violated § 392.301(a) "by threatening to [take] an action prohibited by law," which would constitute a violation of § 392.301(a)(8).

dismissed because Plaintiffs have not tendered the amount due on the loan. Defendant cites Texas case law to support its argument that "a necessary prerequisite" to an injunction to avoid foreclosure is "tender of whatever amount is owed on the note." *See White v. BAC Home Loan Servicing, LP*, 2010 WL 4352711, *5 (N.D. Tex. Nov. 2, 2010) (quoting *Fillion v. David Silvers Co.*, 709 S.W.2d 240, 246 (Tex. App. – Houston [14th Dist.] 1986, writ ref'd n.r.e.)). In this case, however, Plaintiffs have failed to demonstrate a viable claim for relief and, on that basis, they are not entitled to injunctive relief.

## IV.    LEAVE TO AMEND

When a plaintiff's complaint fails to state a claim, the court should generally give the plaintiff at least one chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). In this case, Plaintiffs, who are represented by counsel, have filed an original and an amended complaint. The key facts on which their claims would be based are and have been within Plaintiffs' own knowledge. It appears unlikely, therefore, that Plaintiffs can amend to state viable claims for relief. "Plaintiffs have not requested leave to again amend, and 'it appears that a third chance to amend would prove to be futile.'" *C&C Inv. Props., LLC v.*

*FDIC*, 2013 WL 1136337, *3 (S.D. Miss. Mar. 18, 2013) (quoting *United States ex rel. Willard v. Humana Health Plan of Tex. Inc.*, 336 F.3d 375, 387 (5th Cir. 2003)).

## V.   CONCLUSION AND ORDER

Based on the foregoing, it is hereby

**ORDERED** that Defendant's Motion to Dismiss [Doc. # 18] is **GRANTED** and this case is **DISMISSED WITH PREJUDICE**.  The Court will issue a separate final order.

SIGNED at Houston, Texas this 27th day of **August, 2013**.

_____
Nancy F. Atlas
United States District Judge